UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DERMSOURCE, INC.,

                            Plaintiff,

        -against-

CITYMEDRX, LLC, ROBERT ABAEV, and DAVID
ABAEV,

                         Defendants.
------------------------------------------------------------------X

**Case No.: 2:23-cv-281**

**<u>ORDER TO SHOW CAUSE</u>**

Upon the annexed Complaint, the declarations of Emanuel Kataev, Esq. and Yuriy Davydov, and the annexed Memorandum of Law in support,

**LET** the defendants, CityMedRx, LLC ("CityMed" or the "Corporate Defendant"), Robert Abaev ("Robert"), and David Abaev ("David") (Robert and David collectively hereinafter the "Individual Defendants") (the Corporate Defendant and the Individual Defendants collectively hereinafter the "Defendants"), show cause before_____, of this Court to be held at the courthouse thereof, located at 100 Federal Plaza, Central Islip, NY 11722, on the _____ day of _____, 2023 at ____ o'clock    in    the _____noon of that day, or as soon thereafter as counsel can be heard, why an order should not be issued:

    (a)    preliminarily enjoining Defendants and any persons or entities acting in concert with or on behalf of Defendants, from using in any manner whatsoever DermSource, Inc.'s ("DermSource") trade secret and confidential and proprietary information (including, without limitation, DermSource's customer database, including the identity and contact information of DermSource's customers, or any other information regarding DermSource's customers, clients, transactions, financial information, pricing information, or other matters involving DermSource;

(b)      directing Defendants to return to DermSource all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain DermSource's trade secrets and confidential and proprietary information (including, without limitation, DermSource's customer database, including the identity and contact information of DermSource's customers, and for each customer of DermSource, the services offered and payments received from DermSource's customers, and/or other matters involving DermSource and which Defendants obtained or accessed, including without limitation information regarding DermSource's customers, clients, transactions, financial information, pricing information,or other sensitive information involving DermSource;

(c)      restraining and enjoining Defendants from, directly or indirectly, having any contact with Plaintiff's current and/or former key employees;

(d)      directing Defendants to make all electronic accounts that are in  their custody or control and on which they stored information regarding DermSource's trade secrets and confidential or proprietary information available and accessible to DermSource (including providing relevant passwords) to inspect to ensure DermSource's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed;

(e)      preliminarily enjoining Defendants from continuing to serve DermSource's customers until such time that DermSource recovers its confidential and proprietary information from Defendants;

(f)      preliminarily enjoining Defendants from contacting any of DermSource's clients or customers and/or individuals currently performing services for DermSource;

(g)      preliminarily enjoining Defendants from contacting any of DermSource's current or former employees to solicit them to leave the employment of DermSource;

(h)      preliminarily enjoining Defendants from operating their business until such time that they return DermSource's confidential information and trade secrets, and

(i)      restraining and enjoining Defendants from, directly or indirectly, further violations of the Defendant Trade Secrets Act, Wiretap Act, and Computer Fraud & Abuse Act, including the use of confidential information or trade secrets of Plaintiff, the use of any device to intercept oral communications made by principals of Plaintiff, and the use of any device to hack into Plaintiff's computer systems, and unfairly competing with Plaintiff in any manner; and it is further

**ORDERED**, that pending the hearing and determination of this application, and further order of this Court, Defendants and any persons/entities acting in concert with them, are hereby:

(a)      preliminarily enjoined from using in any manner whatsoever DermSource, Inc.'s ("DermSource") trade secret and confidential and proprietary information (including, without limitation, DermSource's customer database, including the identity and contact information of DermSource's customers, or any other information regarding DermSource's customers, clients, transactions, financial information, pricing information, or other matters involving DermSource;

(b)      directed to return to DermSource all originals and copies of documents, records, and information, whether in hard copy and/or computerized and/or other electronic media form, that contain DermSource's trade secrets and confidential and proprietary information (including, without limitation, DermSource's customer database, including the identity and contact information of DermSource's customers, and for each customer of DermSource, the services offered and payments received from DermSource's customers, and/or other matters involving DermSource and which Defendants obtained or accessed, including without limitation information regarding DermSource's customers, clients, transactions, financial information, pricing information,or other sensitive information involving DermSource;

(c)      restrained and enjoined from, directly or indirectly, having any contact with Plaintiff's current and/or former key employees;

(d)      directed to make all electronic accounts that are in  their custody or control and on which they stored information regarding DermSource's trade secrets and confidential or proprietary information available and accessible to DermSource (including providing relevant passwords) to inspect to ensure DermSource's trade secrets and confidential and proprietary information is secure and has not been improperly copied or distributed;

(e)      preliminarily enjoined from continuing to serve DermSource's customers until such time that DermSource recovers its confidential and proprietary information from Defendants;

(f)      preliminarily enjoined from contacting any of DermSource's clients or customers and/or individuals currently performing services for DermSource;

(g)      preliminarily enjoined from contacting any of DermSource's current or former employees to solicit them to leave the employment of DermSource;

(h)      preliminarily enjoined from operating their business until such time that they return DermSource's confidential information and trade secrets, and

(i)      restrained and enjoined from, directly or indirectly, further violations of the Defendant Trade Secrets Act, Wiretap Act, and Computer Fraud & Abuse Act, including the use of confidential information or trade secrets of Plaintiff, the use of any device to intercept oral communications made by principals of Plaintiff, and the use of any device to hack into Plaintiff's computer systems, and unfairly competing with Plaintiff in any manner; and it is further

**ORDERED** that pending the hearing of this matter, DermSource shall be permitted to conduct discovery on an expedited basis, including obtaining documents from Defendants, and taking depositions in aid of the requested injunctive relief, and it is further

4

**ORDERED** that service by email and federal express of a copy of this Order, along with the papers upon which it is based, shall be made upon Defendants via email to their counsel, Gary M. Kushner and Howard M. Rubin, Esqs., of Geotz Fitzpatrick, LLP, via email to gkushner@goetzfitz.com  and hrubin@goetzfitz.com, who have agreed to accept service, and such service shall be deemed good and sufficient; and it is further

**ORDERED** that answering papers, if any, shall be served on DermSource's counsel, Emanuel Kataev, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, NY 11042-1073, via electronic mail at emanuel@mllaborlaw.com on or before the _____ day of _____, 2023; and it is further

**ORDERED** that reply papers, if any, shall be electronically filed and served on Defendants' counsel on or before the _____ day of _____, 2023.

Dated:                                                **SO ORDERED:**


_____
                                                                , U.S.D.J.

5