# dermsource.

January 7, 2021

CityMedRx, LLC
97-17 64th Road, Lower Level
Rego Park, NY 11374
Attn: Robert Abaev

      Re:    Joint Marketing and Sale of Businesses

Dear Robert,

      This will confirm our agreement to jointly market and sell the businesses (each a "Business") of DermSource, Inc. ("DermSource") and CityMedRx, LLC ("CityMed"). The signatories hereto agree to mutually cooperate and use their best efforts to (a) jointly market the Businesses for sale, and (b) simultaneously close of the sale of the Businesses for aggregate sale price of not less than $66 million (the "Venture"). This agreement shall be binding on DermSource and CityMed (each a "Party"), the undersigned shareholders of DermSource and the undersigned members of CityMed.

      1.    <u>Brokers and Advisors</u>. The parties shall jointly hire a broker (the "Broker") to find a buyer for both Businesses. If the Parties cannot retain a Broker to jointly represent the Parties, each party shall retain the same Broker separately, but only if the Broker agrees to use its best efforts to market the Businesses jointly and to close the sale of the Businesses simultaneously. The Parties will bear the cost of the Broker in the portion of the aggregate purchase price allocated to each Business.

      The parties shall jointly retain all advisors in connection with the Venture (each an "Advisor"). The cost of each Advisor shall be allocated between the parties in the same manner as Broker fees; provided however, that services by any Advisor primarily for the benefit of one Party shall be paid for by that Party.

      2.    <u>Obligation to Sell; Allocation of Purchase Price</u>. Each Party shall sell its respective Business if: (a) the closing of the sale of both Businesses are proposed to be simultaneous, (b) the joint sale price of both Businesses equals or exceeds $66 million in the aggregate, and (c) the other Party agrees to the sale.

      If the combined sale price of the Businesses equals or exceeds $66 million, but does not exceed $75 million, the combined consideration shall be allocated as follows: $50 million to CityMed, and all consideration in excess of $50 million to DermSource. If the combined sale price of the Businesses exceeds $75 million, the combined consideration shall be allocated as follows: (a) the first $50 million to CityMed, (b) the next $25 million to DermSource, and (c) all consideration in excess of $75 million to the Parties in equal shares.

3. <u>Exclusiveness</u>. During the term of this agreement, neither Party shall attempt to market or sell its Business except as provided herein. In the event that one Party shall receive an unsolicited offer to purchase its Business, such Party shall promptly notify the Party, and shall promptly notify the prospective purchaser of such Party's obligations under this agreement.

4. <u>Cooperation</u>. The Parties shall mutually cooperate to promote the Venture. In connection therewith, each Party shall disclose to the other and to the Broker and Advisors, their respective financial records, tax returns, business plans, operating procedures, employee records, customer agreements, seller agreements, loan documents, leases, deeds, and such other information as may be reasonably requested by the Parties or the Broker.

5. <u>Confidentiality</u>. Except as expressly permitted herein, each signatory hereto shall, and the Parties shall cause their respective officers, directors, employees, contractors and agents to, retain in strict confidence all information and data, relating to the other Parties' businesses, development plans, programs, documentation, trade secrets, systems, and know how (all such information and data, "Confidential Information"), and shall not, unless otherwise required by law, disclose such information to any third party without the applicable Party's prior written consent. Confidential Information shall not include information which: (a) was, is or becomes known to a Party without a duty of confidentiality; (b) is rightfully received by a Party from a third party legally entitled to disclose such information; or (c) is required to be disclosed to a third party under applicable law, provided that the party to make such disclosure shall first notify the applicable party as soon as reasonably practicable prior to disclosure (unless to do so would be prohibited by law) with the opportunity to review and approve such confidential information before its release.

6. <u>Certain Acts Require Mutual Consent</u>. During the term of this Agreement neither Party shall take any of the following actions without the consent of the other Party: (a) issuance of equity interests to any new member or shareholder; (b) incurrence of debt other than lines of credit from vendors incurred in the ordinary course of business in an amount not less than $250,000; and (c) any material change in the operations of the Business.

7. <u>Application to Shareholders and Members</u>. The provisions of this agreement relating to the sale of the Businesses by the Parties, shall apply with the same force and effect to the sale of the Parties by DermSource's shareholders and CityMed's members, respectively. This agreement shall be interpreted in a manner consistent with the foregoing.

8. <u>Term and Termination</u>. The initial term of this agreement shall expire on December 31, 2021, unless sooner terminated as provided in this paragraph. This agreement shall automatically renew for a period of one year (to December 31, 2022) unless either Party provides written notice to the other on or before December 15, 2021 of its intent not to renew. This Agreement shall terminate upon (a) mutual written agreement of the Parties; (b) material breach of this agreement by the other Party which breach has not been cured after ten days' notice by the other Party; (c) the filing by or against any of the other party of a request or petition for liquidation, reorganization, arrangement, adjustment of debts, adjudication as a bankrupt, relief as a debtor or other relief under the bankruptcy, insolvency, or similar laws of the United

States or New York State, now or hereafter in effect; (d) the making of any general assignment by a party for the benefit of creditors; (e) the appointment of a receiver or trustee for a party or for any assets of that party, including, without limitation, the appointment of or taking possession by a "custodian", as defined in the federal Bankruptcy Code; (f) the institution by or against a party of any other type of insolvency proceeding or any formal or informal proceeding for the dissolution or liquidation of, settlement of claims against or winding up of affairs of, the party; (g) the cessation of a Party as a going business concern; or (h) the occurrence of any event that renders it impossible for a Party to conduct its Business in the ordinary course.

If the foregoing represents your understanding of our agreement, please signify by signing and returning a copy of this letter.

Sincerely yours,

DERMSOURCE, INC.
1981 Marcus Ave
Suite C129
New Hyde Park, NY 11042

By: _____
Yuriy Davydov, President

ACCEPTED AND AGREED:

CITYMEDRX, LLC
97-17 64th Road
Lower Level
Rego Park, NY  11374

By: _____
Robert Abaev, Member

_____
David Abaev, Member

3